# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID Nos. 1710003110, |
| | ) | 1710007429 |
| RANDY L. DUNLAP, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  June 12, 2020
Date Decided:  June 25, 2020

## ORDER

Upon consideration of Defendant's Motion for Modification ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.  On August 26, 2019 Defendant pled guilty to Aggravated Menacing, Terroristic Threatening, and Harassment.[1]  On September 26, 2019, Defendant was sentenced as follows:  for Aggravated Menacing, 5 years at Level V, suspended after 18 months for 6 months at Level IV Work Release, followed by 1 year at supervision Level III;[2] for Terroristic Threatening, 10 months at Level V; for Harassment, 1 year at Level V, suspended for 1 year at supervision Level III.[3]

---

[1] In Case ID No. 1710003110, Defendant pled guilty to Aggravated Menacing and Terroristic Threatening. (D.I. 15).  In Case ID No. 1710007429, Defendant pled guilty to Harassment. (D.I. 18).  Defendant's sentences for Aggravated Menacing and Terroristic Threatening are at issue here.

[2]  Defendant's credit for 221 days previously served was applied to this sentence.

[3] D.I. 18.  Probation is consecutive.  Defendant's sentences also required mandatory substance

2. On June 12, 2020, Defendant filed this instant Motion, asking the Court to suspend his remaining Level V time and modify his 6 months at Level IV Work Release to Level IV Home Confinement.[4] In support of this Motion, Defendant asserts that he can better address his mental health issues and care for his elderly parents at Level IV Home Confinement.[5]

3. Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[6] The Court will not consider repetitive requests for reduction or modification of sentence.[7]

4. This is Defendant's second request for modification of his sentences, and it is therefore barred as repetitive.[8]

5. In addition, Defendant filed this Motion more than 90 days after the imposition of his sentences, and it is therefore time-barred under Rule 35(b).

---

abuse and mental health evaluations and required Defendant to follow recommendations for counseling and treatment.

[4] D.I. 21.

[5] *Id.*

[6] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[7] Super. Ct. Crim. R. 35(b).

[8] *See* D.I. 19, 21.

6.      The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.   Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[9] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[10]   Mitigating factors that could have been presented at sentence, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[11]

7.      The Court does not find Defendant has established the existence of any "extraordinary circumstances" in his Motion.

8.      Defendant's sentences are appropriate for all the reasons stated at the time of sentencing.   No additional information has been provided to the Court that would warrant a modification of these sentences.

---

[9] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).

[10] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).

[11] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Modification is **DENIED.**



*Jan R. Jurden*

Jan R. Jurden, President Judge